MEMORANDUM DECISION
Plaintiff-appellant, Cletus O. Ashiegbu, files this appeal from the Franklin County Court of Common Pleas' December 18, 1998 dismissal entry, which journalized the trial court's dismissal of appellant's complaint following his opening statement.
Procedurally, this is appellant's second appeal to this court. Appellant, pro se, commenced this action by filing a complaint against appellee, Rowland Anaba, which, in general, alleges: (1) conspiracy; (2) slanderous libel; (3) unreasonable intrusion or interference in plaintiff's personal life; (4) continuing persecution harassment; (5) intentional infliction of severe emotional distress and psychic injuries; and (6) willful impairment of appellant's improvement and development. Upon appellee's Civ.R. 12(B)(6) motion, the trial court dismissed appellant's complaint. Appellant appealed and this court reversed and remanded, finding that appellant had made sufficient allegations to provide notice of his claims.
Upon remand, the matter was set for trial on December 16, 1998. Following appellant's opening statement, the trial court directed a verdict against appellant.
Upon appeal, appellant attempts to raise twelve assignments of error; however, appellant has failed to comply with App. R. 16(3), (4), (5), and (6), in that he has failed to include in his brief a statement of the assignments of error, a statement of the issues presented for review, a statement of the case, and a statement of facts. Instead, appellant merely attempts, in a very confusing manner, to argue one salient issue twelve different ways. As best as this court can determine, appellant is arguing that the trial court erred in directing a verdict against appellant following his opening statement.
The trial court's December 18, 1998 dismissal entry states, in pertinent part, that "[t]he plaintiff made an opening statement that indicated he had no witnesses, or admissible evidence of any kind, to support his causes of action. The defendant was present and ready to proceed."
Unfortunately, appellant has failed, as well, to comply with App. R. 9(B), which requires appellant to cause a transcript of the proceedings necessary for review of appellant's appeal to be filed as part of the record for review. Without a transcript of appellant's opening statement, we have nothing to pass upon and we are, therefore, compelled to affirm the trial court's judgment.State v. Lane (1997), 118 Ohio App.3d 485, 487. This duty to provide the transcript is placed upon appellant because appellant bears the burden of demonstrating the trial court's error by referencing the matters in the record. Id. Here, we have no record of what appellant said or did not say in his opening statement and, therefore, only have the December 18, 1998 dismissal entry of the trial court, which recites a sufficient basis for directing a verdict against appellant.
Accordingly, we overrule all of appellant's assignments of error and affirm the trial court's judgment.
Judgment affirmed.
DESHLER and BROWN, JJ., concur.