OPINION
Defendant-appellant, Robert A. Wright, appeals the decision of the Franklin County Court of Common Pleas dismissing appellant's motion for post-conviction relief.
On February 10, 1998, appellant, represented by counsel and pursuant to a plea bargain agreement, entered a guilty plea to domestic violence, theft and receiving stolen property. As part of the agreement, appellant and appellee, state of Ohio, recommended to the trial court a sentence of four years imprisonment. The sentence consisted of separate and consecutive maximum prison sentences for each offense and was based on appellant agreeing that the theft and receiving stolen property offenses would be recognized as separate and distinct offenses. The trial court accepted appellant's guilty plea and sentenced him to four years imprisonment, as recommended by the parties.
In April 1999, appellant filed a motion to vacate the sentence imposed on the receiving stolen property offense. The trial court dismissed appellant's motion. Appellant appeals, raising three assignments of error:
Assignment of Error # (1)
 The trial court erred to the prejudice of the Def-Appellant by dismissing his Post-Conviction-Petition, based upon the Court's Conclusions that Def-Appellant failed to raise any error of Const. dimension, whereas such error of Const. dimension was infact [sic] alleged.
 Assignment of Error # (2)
 The trial Court erred to the prejudice of the Def-Appellant by dismissing his Post-Conviction-Petition, based upon the Court's Conclusions that Def-Appellant failed to raise any substantive grounds for relief, whereas he did in fact raise such grounds for relief.
 Assignment of Error # (3)
 The trial Court erred to the prejudice of the Def-Appellant by dismissing his Post-Conviction-Petition, based upon the States proposition that the Def-Appellant's guilty plea was made Knowingly, intelligently and voluntary, whereas such a guilty plea is Statutorly [sic] prohibited and is violative of the Def-Appellant's (14th) Amend. Right, to Equal Protection of the Law.
We will address appellant's three assignments of error together because they raise similar arguments. In the three assignments of error, appellant asserts that the trial court erred in dismissing his motion to vacate the sentence imposed on the receiving stolen property offense because the theft and receiving stolen property offenses must merge for purposes of sentencing under R.C. 2941.25. We disagree.
R.C. 2941.25 governs a trial court's sentencing on offenses of similar import. A defendant waives any right to challenge a sentence under R.C. 2941.25 when the defendant, pursuant to a plea bargain agreement, enters a guilty plea and agrees to serve separate and consecutive sentences for offenses of similar import. State v. McClellan (June 27, 1991), Meigs App. No. 451, unreported.
In this case, the trial court imposed separate and consecutive sentences for the domestic violence, theft and receiving stolen property offenses. Under the plea agreement, appellant expressly agreed that "[f]or purposes of this plea, theft and receiving stolen property are recognized as separate and distinct offenses." As well, appellant acknowledged that the trial court would have authority to impose consecutive prison sentences for each offense. Accordingly, we conclude that appellant waived his right to challenge his sentence under R.C.2941.25.
In so concluding, we acknowledge that the record before us is void of any evidence to support a showing that he did not knowingly, intelligently and voluntarily enter into the plea agreement. Furthermore, we acknowledge that appellant did not properly submit a transcript of the plea hearing. As such, we must presume the validity of the plea hearing. State v. Lane
(1997), 118 Ohio App.3d 485, 488.
Therefore, appellant's three assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
TYACK, J., and LAZARUS, P.J., concur.