OPINION
Defendant George Kattleman appeals the August 11, 2000 judgment of the Auglaize County Court of Common Pleas denying his post-trial motion to withdraw his guilty plea pursuant to Crim.R. 32.1.
On May 15, 1997, defendant entered a negotiated guilty plea in open court to one count of attempted rape and four counts of sexual battery. In response to defendant's decision to plead guilty to those five charges, the State requested leave to Nolle Prosequi ten other charges, seven of them first-degree felonies. On August 5, 1997, defendant was sentenced to an indefinite term of five to fifteen years imprisonment, to be served concurrently with a definite term of four years incarceration. On May 13, 1999, the trial court found defendant to be a sexual predator as defined in R.C. Chapter 2950.
On June 28, 2000, defendant filed a motion to withdraw his plea of guilty, arguing that the trial court had filed to comply with Crim.R. 11 when it accepted his guilty plea and also that his right to trial had not been knowingly, intelligently and voluntarily surrendered during the plea colloquy. On August 11, 2000, the trial court denied that motion in a detailed journal entry, and observed:
 The transcript of proceedings, when read as a whole and in the proper context, clearly show that the Defendant was advised properly, and had proper inquiry made of him pursuant to Crim.R. 11, prior to the Court accepting his plea at the Change of Plea hearing. The defendant raised issues during his pre-sentence investigation which matters were brought to light by the Court at the hearing of July 29, 1997, wherein the Court gave to the defendant an opportunity to withdraw his previously entered plea of guilty, and the Court further gave to the defendant an opportunity to confer with counsel and continued the hearing to give the Defendant an opportunity to contemplate what his decision would be concerning his request to withdraw his plea of not guilty. On August 5, 1997, the Defendant upon inquiry by the Court clearly indicated that he did not wish withdraw his plea, clearly indicated that his plea was not an Alford plea, but that he was satisfied after having researched the topic, read the law as provided by his own Attorney concerning possible jury instructions at a Jury Trial concerning the one element of the offense that the Defendant had previously questioned, and indicated to the Court that under all of the circumstances, he had committed the offense as charged, reiterating his previously entered guilty plea to the Amended Indictment. * * * * Accordingly, the record in the instant case and the face of the Motion and supporting documents themselves, lead this Court to conclude that the Defendant's plea was freely and voluntarily made, knowingly and intelligently made, without coercion or duress * * *.
Defendant now appeals the trial court's order denying his motion to withdraw, and asserts three assignments of error with that court's judgment.
 [The t]rial court erred in overruling Appellant's [m]otion to [w]ithdraw his guilty plea when that plea resulted in a manifest injustice because Appellant had no understanding of the nature of the charge as amended in the indictment.
 The trial court erred in not allowing the Appellant to [w]ithdraw his plea pursuant to Crim.R. 32.1 when that [p]lea was made before sentence was pronounced denying the Appellant due process and equal protection and resulting in a manifest injustice.
 The trial court erred in not allowing the Appellant [to] [w]ithdraw his guilty plea pursuant to Crim.R. 32.1 when the trial court failed to comply with the mandates of Crim.R. 11(C)(2)(a) by not informing the Appellant that he was not eligible for probation resulting in a manifest injustice.
As defendant's three assigned errors raise similar issues, we will address them together. We begin by observing that while the defendant has argued that statements he made at the June 29, 1997 and August 5, 1997 hearings indicate that his May 15, 1997 plea of guilty was not made intelligently, defendant has failed to provide this court with certified transcripts of the three hearings, as required under App.R. 9(B). An uncertified copy of the May 15, 1997 hearing transcript is attached to defendant's brief as an exhibit, but defendant has not provided this Court with transcripts of the June 29, 1997 or the August 5, 1997 hearings. In this situation, "reviewing courts generally presume that the judgment and proceedings below were valid * * * * [because] the reviewing court has nothing to pass upon and must [therefore] affirm the lower court's judgment." E.g., State v. Lane, (1997), 118 Ohio App.3d 485,488.
However, even assuming arguendo that appellant has properly preserved his claims for our review, we conclude that they are meritless. Defendant's argues that at the time he entered his guilty plea that he did not properly understand the definition of "force" included in the sexual assault statutes. However, defendant explicitly waived this claim during his guilty plea hearing. Moreover, defendant's brief clearly establishes that he did not misunderstand the legal definition of force; he merely disagreed with how it was defined. See Brief of Appellant George Kattleman at * * 8-9. Similarly, defendant argues that he was not aware that he would be ineligible for probation. However, the trial court explicitly addressed this fact on the record at defendant's plea hearing, and defendant explicitly stated that he understood that he was "ineligible for consideration for probation, shock probation, shock parole, or any early release program." See Brief of Appellant George Kattleman at *13, quoting Transcript of Plea Hearing at *11.
Pursuant to Crim.R. 32.1, "after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea" only upon a "manifest injustice." In State v. Smith (1977), 49 Ohio St.2d 261, the Ohio Supreme Court held that the burden of demonstrating a manifest injustice permits a court to allow a withdraw of a guilty plea only in "extraordinary cases." Id. at 264. The burden of demonstrating a "manifest injustice" rests with the defendant. Id., at paragraph one of the syllabus. Moreover, the decision whether to grant a motion to withdraw a guilty plea rests within the sound discretion of the trial court. Id., at paragraph two of the syllabus. Reviewing courts will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court. See,e.g., State v. Nathan (1995), 99 Ohio App.3d 722, 725.
Even if we are to assume that defendant's claims are properly before us, we cannot say that the defendant has met his burden of establishing "manifest injustice." Indeed, we are unable to ascertain that defendant has been prejudiced in any way. For these reasons, we conclude that the trial court's decision was proper and does not amount to an abuse of discretion. Accordingly, defendant's three assigned errors are overruled, and the judgment of the Auglaize County Court of Common Pleas is affirmed.
 ____________________ Shaw, J.
HADLEY, P.J. and WALTERS, J., concur.