OPINION
In this accelerated calendar case, appellant, Bruce Waddle, appeals the final judgment of the Ashtabula County Court of Common Pleas which overruled his objections to and adopted a magistrate's decision. This court notes that appellee, Lori Waddle, has failed to file an appellate brief with this court in this matter.
The following procedural history is relevant to this appeal. Hearings were held on August 9, 1999, September 20, 1999, and December 3, 1999 before a magistrate pursuant to a motion to modify child support and tax dependency exemption orders filed by appellee and a notice of administrative modification process filed by the Ashtabula County Child Support Enforcement Agency ("ACCSEA").[1] The magistrate issued her decision on February 1, 2000 ordering appellant to pay certain child support and provide health insurance coverage for his minor child.[2]
Appellant filed a pro se objection to the magistrate's decision with the trial court.[3] No transcript of the hearing or an affidavit of the evidence was filed by appellant as required by Civ.R. 53(E)(3)(b). On February 24, 2000, the trial court denied all the objections and adopted the magistrate's decision, finding that appellant failed to state a factual or legal basis for his objections and failed to demonstrate any error that the magistrate made in her findings of fact or conclusions of law. According to the trial court, "the objections merely state to the Court that the Defendant-Obligor [appellant] is not happy with the decision, but there is no legal basis stated in any of the objections for the Court to overrule the Magistrate."
From this judgment appellant timely filed a notice of appeal and asserts five assignments of error for our consideration:
 "[1.] Magistrate error in combining 2 separate hearings into one.
 "[2.] Court error in denying a hearing to appeal of Magistrate's Decision.
 "[3.] Court error in calculation of gross income for Appellant-Defendant and Appellee-Plaintiff.
 "[4.] Court erred in deductions for adjusted gross income for Appellant-Defendant and Appellee-Plaintiff.
 "[5.] Court erred in the incorrect setting of the commence date of Administrative Hearing for Appellant-Defendant."
Since appellant in this matter is proceeding pro se, we note that in general, "[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." (Citation omitted.) Meyers v. First Natl. Bank ofCincinnati (1981), 3 Ohio App.3d 209, 210. See, also, Karnofel v. CafaroMgt. Co., (Mar. 13, 1998), Trumbull App. No. 97-T-0110, unreported, at 3, 1998 WL 257313; 4262 Robbins Ave. Restaurant Co. v. Slanco (Nov. 22, 1991), Trumbull App. No. 89-T-4274, unreported, at 6, 1991 WL 244648.
To facilitate review, we will consolidate the first and second assignments of error. First, appellant asserts that "[the] Magistrate error in combining 2 separate hearings into one." Under the second assignment of error, appellant claims that "[the] Court erred in not granting hearing before the Judge on the appeal of Magistrate's Decision, when appeal was filed correctly and timely."[4]
Appellant raises these "arguments" for the first time on appeal and makes absolutely no attempt to provide any factual or legal reasons in support of these contentions. App.R. 12(A)(2) permits this court to disregard issues not argued in the brief, and appellant has not given us any reason why we should address these issues.[5] Although appellant is proceeding pro se, he is bound by the requirements of App.R. 12(A)(2), which he failed to satisfy. Accordingly, appellant's first and second assignments of error are without merit.
For ease of discussion, this court will now consolidate the third, fourth, and fifth assignments of error. Generally, under these assignments of error, appellant challenges: (1) the magistrate's calculation of gross income for appellant and appellee; (2) the magistrate's deduction on the guideline worksheet for child support;[6]
and (3) the magistrate's selection of March 1, 1999 as the commencement date for child support payments.[7]
Appellate review in this matter is hampered for two reasons. First, appellant failed to submit a transcript of the hearing before the magistrate to the trial court in conjunction with his objections. Civ.R. 53(E)(3)(b) requires that any "objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
It is well-settled that the objecting party, appellant herein, "bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. See, also, State v. Lane (1997),118 Ohio App.3d 485, 487; State v. Prince (1991), 71 Ohio App.3d 694,698. Without a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. Ackroyd v.Ackroyd (June 30, 2000), Lake App. No. 99-L-018, unreported, at 2, 2000 WL 895599.
Second, appellant failed to state his objections with particularity. Civ.R. 53(E)(3)(b) provides that objections to magistrate decisions "shall be specific and state with particularity the grounds of objection."[8] (Emphasis added.) "[U]nder Civ.R. 53(E)(3)(b), objections must be more than `indirectly addressed': they must be specific." Ayer v. Ayer (June 30, 2000), Hamilton App. No. C-990712, unreported, at 12, 2000 Ohio App. LEXIS 2901. "A blanket objection to everything contained in the magistrate's decision, unsupported by a transcript of the proceedings, is insufficient to preserve a specific objection * * *." Carrino v. Carrino (June 21, 2000), Medina App. No. 2981-M, unreported, at 4, 2000 Ohio App. LEXIS 2703.
In the case at bar, appellant's objections filed with the trial court failed to set forth with adequate particularity the specific grounds for the objections. Rather, appellant made blanket objections to certain findings and decisions made by the magistrate without providing any legal or factual support. For instance, appellant made the following objections to the trial court:
 "4. Object to Magistrate using March 1, 1999 as initial commence date of new order.
 "5. Object to Magistrate finding of gross income for Obligee and Obligor.
"* * *
 "13. The Guideline work sheet is filled out incorrectly and inadequately.
 "14. Object to Tax deduction and Obligor would benefit greatly.
"* * *
 "16. Object to Decision of amounts of money and commencement dates for support.
"* * *"
Upon considering the above objections, we conclude that appellant failed to comply with Civ.R. 53(E)(3)(b) as he failed to file specific
written objections with particularity to the magistrate's decision. Instead, appellant generally attacked the magistrate's decision without providing any reason, support or authority for his objections. Had appellant provided argumentation and amplification for each of his enumerated objections, the result could have been less onerous.
The consequences of an objecting party failing to state an objection with particularity is that the trial court may affirm the magistrate's decision without considering the merits of the objection. Parker exrel. Bradford v. Bricker (Aug. 9, 2000), Scioto App. No. 99CA2648, unreported, at 2, 2000 WL 1175559 citing Cleveland Steel Erectors Corp.v. Stewart (1999), 86 Ohio St.3d 578, 580. A trial court, however, "must correct an error of law or other defect that appears on the face of the magistrate's decision." Cottle v. Cottle (Dec. 11, 1998), Portage App. No. 97-P-0091, unreported, at 9, 1998 Ohio App. LEXIS 5984. See, also, Civ.R. 53(E)(4)(a).
Because the record does not contain specific objections with particularity to the magistrate's decision or a transcript/affidavit, we are limited to a determination of whether the trial court erred in finding that there was no error of law or other defect on the face of the magistrate's decision. Civ.R. 53(E)(4)(a). An error of law or other defects on the face of the magistrate's decision occurs if it amounts to an "apparent error." Group One Realty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767, 769. See, also, Civ.R. 53(E)(4), 1995 Staff Notes. Thus, our standard of review is whether the trial court abused its discretion in adopting the magistrate's decision. Ackroyd at 2.
Our limited scope of review of the magistrate's decision does not reveal such an error. Therefore, we conclude that the trial court did not abuse its discretion or otherwise err in adopting the magistrate's decision. Accordingly, appellant's assignments of error three through five are meritless.
Based on the foregoing analysis, appellant's assignments of error are not well-taken, and the judgment of the trial court is affirmed.
 __________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., NADER, J., concur.
[1] The motion for modification was filed on May 28, 1999 while the notice to the court was filed on June 17, 1999.
[2] Pursuant to the magistrate's decision, appellant was ordered to begin paying child support in the amount of $56.93 plus processing charges on March 1, 1999. Then, commencing on May 28, 1999, appellant's child support obligation increased to $145.35 per month.
[3] Appellant did not request a hearing on his objections.
[4] Civ.R. 53(E) does not expressly require the trial court to conduct a hearing on objections to a magistrate's decision. Presumably, it is in the trial court's discretion to grant a request for a hearing. In this matter, however, the record shows that appellant did not even request a hearing on his objections.
[5] App.R. 12(A)(2) reads as follows:
 "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)."
[6] Upon examining the guideline worksheet for child support, it is evident that the magistrate provided appellee, not appellant, with the self-employed business expense deduction in the amount of $459. In the magistrate's decision, she found appellant to be a self-employed subcontractor, wherein he and appellee worked "as a team for five years." The magistrate further found that appellee "does 2/3 of the work and [appellant] does 1/3 of the work, and they split the income and expenses proportionately." Appellee was also found to be currently employed as a custodian for an Ashtabula school and as a banquet server.
[7] R.C. 3113.21(c)(1)(f) provides in part:
 "When issuing or modifying a child support order, the court shall include in the order all of the requirements, specifications, and statements described in division (B) of section 3113.218 of the Revised Code. If the obligor or obligee does not request a court hearing on the revised amount of child support determined by the agency and filed with the court pursuant to section 3113.216 of the Revised Code and the court modifies the order to include the revised amount pursuant to division (C)(1)(c)(i) of this section, the modification shall relate back to the first day of the month following the date certain on which the review of the child support order began pursuant to division (C)(1)(a) of section 3113.216 of the Revised Code. If the obligor or obligee requests a court hearing on the revised amount of child support pursuant to this section and section 3113.216 of the Revised Code and the court, after conducting a hearing, modifies the child support amount under the order, the modification shall relate back to the first day of the month following the date certain on which the review of the child support order began pursuant to division (C)(1)(a) of section 3113.216 of the Revised Code."
Pursuant to this statute, the magistrate ordered appellant to pay child support in the amount of $56.93 on March 1, 1999. According to the magistrate's decision, this date was selected in part due to ACCSEA Hearing Officer Mike Hughes' testimony that "the commence date would have been 03/01/99, had he followed normal procedure."
[8] Juv.R. 40(E)(3)(b) parallels the language found in Civ.R. 53(E)(3)(b).