JOURNAL ENTRY AND OPINION
Appellant, Renee Naujoks, is appealing her conviction after a jury trial for driving under the influence. For the following reasons, we affirm.
Officer Keith Tarase of the North Royalton Police Department testified that he observed a brown Ford Bronco parked on Tilby Road at 2:47 a.m. Parking was prohibited on that street. The vehicle was parked only 20 feet away from the intersection of Tilby and Ridge Road. He observed appellant in the driver's seat. She was not moving and appeared to be asleep. He could not see if the keys were in the ignition.
Officer Tarase testified that he tapped on the window of the vehicle five times, but appellant did not respond. Becoming concerned, he opened the driver's side door. He noticed a strong odor of alcohol. Appellant did not wake up when Tarase shook her. Tarase radioed for help. Sgt. Chilcott arrived. Chilcott woke up appellant. Appellant stumbled and slurred her speech. She failed three field sobriety tests. Appellant was cited for DUI and parking on the roadway portion of a throughway.
Appellant testified that she drove her Ford Bronco to work that day. Appellant worked at Froggy's in Strongsville. After work, she stayed at Froggy's and was drinking with a customer named Chris. She had a lot to drink. Chris offered to drive her home in appellant's truck. When Chris pulled the truck onto Tilby Road, he said he was going to spend the night at appellant's house. Appellant said he could not spend the night. Chris parked the vehicle on Tilby Road. Appellant and Chris argued. Chris got out of the car and walked away. Appellant moved over to the driver's seat and fell asleep. She believed she was so intoxicated, she would be unable to work the stick shift to move the car. The car was operable subsequent to the arrest.
Prior to trial, appellant moved to suppress. Officer Tarase's testimony at the motion hearing was substantially the same as his testimony at trial. In addition, he testified at the motion hearing that the keys were found in the ignition. He said that parking was prohibited because there was no room to park. Appellant's vehicle was parked completely on the throughway. Also, cars must be parked 30 feet from an intersection, and appellant's car was parked 20 feet from the intersection.
Sgt. Clark Chilcott testified at the suppression hearing. He observed that appellant's car was improperly parked. The hood of appellant's car felt warm. He saw the keys in the ignition. Chilcott was able to work the clutch.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS. FOURTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES; ARTICLE I, SECTION 1
OF THE CONSTITUTION OF THE STATE OF OHIO.
A traffic stop based on probable cause that a traffic violation has occurred is not unreasonable under the Fourth Amendment to the United States Constitution. See State v. Williams (1994), 94 Ohio App.3d 538,543; State v. Evans (1993), 67 Ohio St.3d 405 . Once a motorist is stopped, her detention can last only so long as is necessary to effectuate the original purpose of the stop. See State v. Anez (2000)108 Ohio Misc.2d 18, 26-27; State v. Chatton (1984), 11 Ohio St.3d 59; State v. Correa (1995), 108 Ohio App.3d 362. Field sobriety tests are generally outside the scope of the original stop, and must be separately justified by other specific and articulable facts. See Anez, supra; State v. Evans(1998), 127 Ohio App.3d 56, 63; State v. Sanders (1998),130 Ohio App.3d 789.
Officer Tarase had probable cause to detain appellant because her vehicle was parked in violation of traffic laws. Tarase was justified in approaching the vehicle to speak to appellant about moving the car, which was blocking the lane. When appellant did not wake up, he took reasonable action necessary to effectuate the purpose of remedying the traffic violation, by opening the door and attempting to rouse the appellant. Officer Tarase was also justified in opening the car door and shaking appellant, because he was concerned appellant was having medical problems. See State v. Boys(1998), 128 Ohio App.3d 640. When Tarase smelled alcohol upon appellant, and observed her behavior, and Sgt. Chilcott saw the keys in the ignition, the officers had a reasonable suspicion appellant was driving under the influence. The officers' actions did not violate appellant's Fourth Amendment rights.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A JUDGMENT OF CONVICTION.
When reviewing a challenge to the sufficiency of evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 520, State v. Jenks (1991), 61 Ohio St.3d 259 . Appellant contends there was not sufficient evidence that she operated a motor vehicle while intoxicated.
Operate as used in R.C. 4511.19 is a broader term than driving. State v. Gill (1994), 70 Ohio St.3d 150. A person is operating a motor vehicle when he or she has the potential to cause it to move. Id.Operation includes the situation where an occupant is sleeping in the driver's seat of a motor vehicle, the keys are in the ignition, but the motor is not running. Id. Appellant was asleep in the driver's seat with the key in the ignition, so the evidence was sufficient to show she operated the motor vehicle.
Sgt. Chilcott testified at the suppression hearing that he saw the keys in the ignition. The trial transcript does not contain Sgt. Chilcott's testimony, because part of the tape of the proceedings were erased. If the transcript is incomplete, this court will presume regularity. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197. This is true even if the transcript is unavailable, because appellant may submit a statement of the evidence, pursuant to App.R. 9(C),(E). See State v. Lane (1997), 118 Ohio App.3d 485. This was not done by the appellant. Additionally, appellant indicated that the keys were in the ignition when asked whether someone in her position could have moved the vehicle.
Appellant asserts that she did not have the potential to operate the car, because there was no evidence the car was operable at that time. Operability is a defense for which the defendant has the burden of proof. See State v. Mackie (1998), 128 Ohio App.3d 167 . There was no evidence showing the car was not operable. Appellant testified that Chris drove her car earlier that evening. She also testified the car was operable some time after the arrest. The jury reasonably determined that appellant failed to show the vehicle was inoperable.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. The appellate court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v. Mattison (1985), 23 Ohio App.3d 10. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61, State v. DeHass (1967), 10 Ohio St.2d 230.
The evidence was uncontradicted that appellant was sitting in the drivers seat. When the officer opened the passenger door there was a strong odor of alcohol. Appellant stumbled and slurred her speech. She failed three field sobriety tests. As discussed above, these facts are sufficient to support a conviction for driving under the influence.
While the appellant testified she was too drunk to be able to move the vehicle, the jury did not lose its way in determining otherwise.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Parma Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., AND PATRICIA A. BLACKMON, J., CONCUR.
 ___________________________ JOHN T. PATTON,* JUDGE:
*Sitting by Assignment: Judge John T. Patton, Retired, of the Eighth District Court of Appeals.