The STATE of Ohio, Appellee,

v.

PRINCE et al., Appellants.

[Cite as *State v. Prince* (1991), 71 Ohio App.3d 694.]

Court of Appeals of Ohio,
Athens County.

No. 1448.

Decided March 12, 1991.

William R. Biddlestone, Jr., City Prosecutor, for appellee.

*Donald Wirtshafter*, for appellants.

HARSHA, Judge.

This is an appeal from a judgment of conviction and sentence entered following a bench trial by the Athens County Municipal Court finding Jonathan Prince, Eric Sabo, Matthew Baron, Andrea Barnett, and Thomas Hanlon, defendants-appellants, guilty of criminal trespass in violation of R.C. 2911.-21(A)(4), a misdemeanor of the fourth degree.

Appellants assign the following errors:

"I. The trial court errored [*sic*] in denying defendants the right to present evidence relating to the necessity defense.

"II. The trial court errored [*sic*] in denying the defendants the right to present defenses based on the First Amendment to the United States Constitution.

"III. The trial court errored [*sic*] in denying the defendants the right to present defenses based on international law."

On October 10, 1989, appellants Jonathan Prince et al. were charged with criminal trespass on Ohio University property.[1] On or about the same date, four of the five appellants were also charged with resisting arrest. Appellants entered not guilty pleas to the charges and demanded a jury trial. On November 15, 1989, appellants filed proposed jury instructions, including instructions concerning the defense of necessity, and appellants' rights under the First Amendment to the United States Constitution. On January 9, 1990, appellants filed a proposed jury instruction concerning international law as a defense to the offenses of criminal trespass and resisting arrest. On the same date, appellee filed a motion *in limine*, requesting the trial court to prohibit testimony related to activities of the Central Intelligence Agency ("CIA") and further requesting the trial court to strike appellants' first proposed jury instruction relating to the defense of necessity.

On January 9 and 10, 1990, the trial court held a hearing on appellee's motion *in limine*, at which the parties' counsel presented argument but did

---

1. Since appellants failed to order a transcript of the bench trial, our understanding of the factual setting of this case is necessarily limited to the arguments of counsel both below and on appeal. From these sources, it appears that on or about October 9, 1989, appellants decided to stage a sit-in at the Ohio University Career Placement and Planning Office. The purpose of the demonstration was to protest the Central Intelligence Agency ("CIA") recruitment program scheduled for the following day at the office. Appellants were asked on several occasions to leave the premises by Ohio University officials, and when the office closed at 5:00 p.m., they were warned again that they had to leave. Upon appellants' continued refusal to leave, they were arrested.

not present testimonial or documentary evidence. The trial court ruled as follows at the hearing:

"Ok, in terms of Mr. Marshall's specific Motion in Limine, it was to not provide jury instruction # 1 and the Court is going to reserve ruling on that until all the evidence is in. Until there is some indication that the testimony regarding CIA activity is in any way relevant to this particular case the Court does grant that. This is not a trial regarding whether we like or dislike the CIA. That's not an issue here. Now if the court has received a proffer of evidence here that indicates that this case meets or that the activity of the CIA would in any way meet all the requirements for the 'Necessity' defense[,] [t]hen we certainly would allow that testimony in. But, the fact of the matter is that they weren't saving any particular individual's life by being in the recruiting office.

" * * *

"Because it's very unlikely at this point in time that I'm going to allow them to testify to the jury about their impression of whether the CIA is a good idea or a bad idea.

" * * *

"But, I certainly will certainly allow a proffer * * *."

The trial court additionally stated that it would not allow testimony about the CIA's violations of international law because it would not, at that time, be relevant to the case. Appellants subsequently waived their right to a jury trial, apparently following appellee's dismissal of the resisting arrest charges, and on January 11, 1990, a bench trial was held on the criminal trespass charges. On February 2, 1990, the trial court entered a judgment finding appellants guilty of criminal trespass and sentencing each of them to ten days in jail with a $100 fine, with the jail term and $75 of the fine suspended.

Appellants' first, second and third assignments of error assert that the trial court erred in granting appellee's motion *in limine* and thereby effectively precluded consideration of the defenses of necessity, First Amendment protected activity, and international law. R.C. 2911.21 provides, in pertinent part, as follows:

"(A) No person, *without privilege to do so,* shall do any of the following:
" * * *

"(4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either." (Emphasis added.)

"Privilege," as that term is used in R.C. 2911.21(A), "means an immunity, license, or right conferred by law, or bestowed by express or implied grant, or

arising out of status, position, office, or relationship, or growing out of necessity." R.C. 2901.01(L). Appellants argue that the trial court erroneously excluded evidence relating to "necessity" to trespass and further state that their activities in allegedly trespassing were privileged as a result of their constitutional rights pursuant to the First Amendment and international law.

The effect of the granting of a motion *in limine* in favor of the state in a criminal proceeding is to temporarily prohibit the defendant from making reference to evidence which is the subject of the motion. *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142, paragraph one of the syllabus. The motion *in limine* is thus merely a tentative ruling. Giannelli, Ohio Evidence Manual (1987) 23, Section 103.09. At trial, it is incumbent upon a defendant, who has been temporarily restricted from introducing evidence by virtue of a motion *in limine*, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. *State v. Maurer* (1984), 15 Ohio St.3d 239, 259–260, 15 OBR 379, 396–397, 473 N.E.2d 768, 786–787; *Grubb, supra,* at paragraph two of the syllabus.

In the case at bar, the trial court indicated that it was going to grant appellee's motion *in limine,* but ultimately reserve a final determination on the admissibility of evidence appellants sought to introduce until trial. The trial court noted that it would allow appellants to proffer the substance of any excluded evidence at trial. On March 13, 1990, appellants requested the preparation of only the motion *in limine* hearings and failed to request a transcript of the bench trial.

In *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515, the Tenth Appellate District noted as follows at 68–69, 523 N.E.2d at 516:

"The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384; see, also, *Tyrrell v. Investment Assoc., Inc.* (1984), 16 Ohio App.3d 47, 16 OBR 50, 474 N.E.2d 621. In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. *Bates & Springer, Inc.*

*v. Stallworth* (1978), 56 Ohio App.2d 223, 10 O.O.3d 227, 382 N.E.2d 1179; see, also, App.R. 9(B)."

When no transcript of proceedings of the trial is included in the record on appeal, as provided for by App.R. 9(B), nor any substitute statement of the evidence as permitted by App.R. 9(C) and (D), and no App.R. 9(B) statement has been filed to indicate that a transcript is not needed in order to consider the appeal, the appellant cannot demonstrate the error of which he complains and the appellate court must affirm the judgment. *Farmers Production Credit Assn. of Ashland v. Stoll* (1987), 37 Ohio App.3d 76, 523 N.E.2d 899. Appellants noted in their transcript request that there was "no need" to prepare a trial transcript. However, in the absence of evidence in the record that the trial court eventually excluded evidence at trial and that appellants proffered evidence regarding the excluded testimony at trial, we must presume the regularity of the proceedings. *Hodge, supra.* In short, by failing to order a transcript of the bench trial, appellants have failed to demonstrate that they preserved any objections to the trial court's *in limine* ruling. *Grubb, supra; Maurer, supra;* Giannelli, *supra.* Additionally, we note that any claim of error with respect to the rejection of appellants' proposed jury instructions was waived by appellants' subsequent waiver of their right to a jury trial. Cf., *e.g., State v. Wolons* (1989), 44 Ohio St.3d 64, 541 N.E.2d 443; Crim.R. 30.

Moreover, assuming, *arguendo,* that the merits of this case were properly before us, we are not persuaded that the trial court committed reversible error in its *in limine* ruling. The necessity defense justifies conduct which otherwise would lead to criminal or civil liability because the conduct is socially acceptable and desirable under the circumstances. *Akron v. Detwiler* (July 5, 1990), Summit App. No. 14385, unreported, at 5, 1990 WL 95683. The common law elements of necessity are: (1) the harm must be committed under the pressure of physical or natural force, rather than human force; (2) the harm sought to be avoided is greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believes at the moment that his act is necessary and is designed to avoid the greater harm; (4) the actor must be without fault in bringing about the situation; and (5) the harm threatened must be imminent, leaving no alternative by which to avoid the greater harm. *Id.;* see, also, *Cleveland v. Sabo* (May 14, 1981), Cuyahoga App. Nos. 41999–42004, unreported, 1981 WL 4949.

In the case at bar, as noted by the trial court during the motion hearing, appellants appeared to have alternative means by which to protest on-campus recruiting of students by the CIA, *i.e.,* protest pursuant to univer-

sity guidelines, requesting a court injunction, leaving upon the close of business and returning the next day, etc. Therefore, the trial court did not err in ruling that the necessity defense was not applicable.

As to appellants' First Amendment argument, it has been noted that the First Amendment does not preclude reasonable restrictions relating to time, place and manner of expression so long as they (1) are content-neutral; (2) are tailored to serve a significant government interest; and (3) leave alternative channels of communication open. *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 556 N.E.2d 157, paragraph two of the syllabus. Additionally, a person's constitutional right to express his views does not preclude that person's arrest and conviction for trespassing on private property. *Cleveland v. Sundermeier* (1989), 48 Ohio App.3d 204, 549 N.E.2d 561. Assuming the veracity of the facts set forth in appellee's argument that appellants failed to leave the premises after closing time, we discern no error by the trial court in excluding evidence concerning any alleged First Amendment protection. Finally, we are equally unpersuaded that the exclusion of appellants' international law claims was erroneous where such claimed breaches by the CIA were too remote to indicate imminent harm to appellants. See, *e.g., United States v. May* (C.A.9, 1980), 622 F.2d 1000, 1009.

Accordingly, appellants' first, second and third assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GREY and GRADY, JJ., concur.

GREY, Judge, concurring:

I concur in the judgment and opinion, but would add a comment on the necessity defense. The substance of the appellants' argument here is that because they believe the CIA engages in illegal, immoral, and dangerously harmful acts, they then have a duty to illegally interfere with the recruitment activities of the organization.

Let's think that proposition through. Suppose there was a recruitment drive at Ohio University for the P.L.O., or Planned Parenthood, or the Right to Life Society, or the Ku Klux Klan, or the A.C.L.U., or the Stonewall Union, or the Hemlock Society. Each of these organizations advocates and engages in conduct that many other people feel is reprehensible, immoral or illegal. Under appellants' theory of necessity, it is incumbent as a moral necessity on those who opposed each group to engage in conduct, even illegal conduct,

which interferes with that group's attempt at recruitment. This is not what the necessity defense is about.

The real necessity in this case is for this court to reassert the basic principle that unless everybody can exercise their First Amendment rights of free expression and free association, then nobody can.