Defendant-appellant, Joseph W. Noe, proceeding pro se, appeals a decision of the Warren County Court of Common Pleas in which the court denied his motion to withdraw his guilty plea pursuant to Crim.R. 32.1. We affirm.
Appellant was indicted by the Warren County Grand Jury on three counts of rape in violation of R.C. 2907.02(A)(1)(b), and one count of corrupting another with drugs in violation of R.C.2925.02(A)(4). On January 2, 1991, appellant pled guilty to two counts of rape pursuant to a plea agreement. In exchange, the state agreed to dismiss the other counts of the indictment. Appellant was sentenced to two concurrent terms of five to twenty-five years. No direct appeal was taken.
On July 15, 1991, a motion for suspension of further execution of sentence ("shock probation") was filed by appellant's trial counsel. This motion was denied by the trial court on August 6, 1991. The court noted that defendant had pled guilty to rape under R.C. 2907.02(A), and that R.C. 2951.02(F) provides that an offender shall not be placed on probation if "the offense involved a violation of Section 2907.02 or 2907.12."
On August 2, 1993, appellant filed a pro se motion to reduce sentence pursuant to R.C. 2929.11. Appellant noted that he had completed his G.E.D. and participated in counseling programs. This motion was denied by the trial court on August 3, 1993.
On September 16, 1996, appellant filed a pro se motion for "judicial release to community control sanctions." The state responded that the motion should be denied because appellant was not entitled to be considered for the newly-enacted judicial release provisions on the authority of this court's opinion in State v. Carlton (May 28, 1996), Warren App. No. 96-01-007, unreported. This motion was denied on March 27, 1997.
On March 3, 1997, appellant filed a motion under Crim.R. 32.1 to withdraw plea on the grounds that his plea was not knowingly made as he did not know he would be subject to post-release control. This motion was denied on March 28, 1997.
On March 11, 1997, appellant was notified that the Department of Rehabilitation and Correction had recommended that he be determined to be a sexual predator. A hearing on the matter was set before the trial court on May 7, 1997. On that date, appellant, through counsel, filed a motion to set aside guilty plea or in the alternative a motion to impose sentence under Senate Bill 2. He argued that his plea was not made knowingly and intelligently because the possibility that he might be labeled a sexual predator was unknown at the time the plea was entered. Appellant also filed a motion to dismiss the proceedings as unconstitutional on double jeopardy grounds. The motion to dismiss was denied and the trial court held that appellant was not a sexual predator.
On October 23, 1997, appellant, through counsel, filed the present motion to withdraw guilty plea pursuant to Crim.R. 32.1. Appellant claimed that prior to changing his plea, his trial counsel had erroneously advised him that he would be eligible for shock probation. He argued that trial counsel had in fact filed a motion for shock probation and that this supported his claim. Appellant claimed that because he was denied the effective assistance of counsel his guilty plea was not knowing, intelligent, and voluntary.
The trial court held a hearing on December 31, 1997. Initially, the court noted that the parties had stipulated to an affidavit of the court reporter which stated that "he had made a reasonable diligent search to determine if a transcript of the sentencing hearing * * * existed [and] to the best of his knowledge, no transcript exists, and the stenographer's notes of the hearing could not be located."
Appellant's trial counsel testified that he had represented appellant on the rape charges and that he had no specific recollection of discussing shock probation with appellant until after the plea was entered. Trial counsel acknowledged that he had written a letter stating that "the most I have ever told anyone is that they are either eligible for it or that it is a possibility, completely up to the judge. * * * I believe this is probably what occurred with [appellant] as his letter to me dated February 4, 1991, specifically inquires: `If there is any way you can get me shocked out or paroled early please do so, even if we have to give the car up and I have to pay restitution.'"
Trial counsel was asked whether it was his practice to file a motion for shock probation even when his client is ineligible. He replied that there had been cases "where there have been interpretation of the statutes that may make one eligible [and] cases where the judge says they would give shock probation even though the state may not be clear as to whether they're eligible for it or not." He further stated that he knew that had not happened in appellant's case as his notes specifically reflected that he had researched the issue; that he knew and his notes reflected that appellant "was not statutorily eligible for any kind of probation."
Appellant testified that his trial counsel had told him that the best deal was "two counts of rape, they'll run the sentences concurrently 5 to 25, and that the prosecution would not object to probation after six months incarceration, and the judge would take it under consideration." Appellant testified that he had changed his plea to guilty based on the recommendations of his attorney and because he believed that he would be eligible for shock probation. Appellant claimed that his counsel had referred to the shock probation understanding in open court. Appellant also alleged that the judge had asked the prosecution if there would be any objection, and the reply was "not after the minimum sentence of six months with super shock probation." Finally, appellant claimed that the judge said "he would accept my plea and take the motion, the shock motion under consideration and refer it to the probation department at the proper time."
Following this testimony, the trial court stated:
 I'm not persuaded that this Defendant was told by [trial counsel] that he might be eligible for shock probation. I'm also not persuaded that this court said anything to that effect to the defendant or said anything else that might have implied or suggested that he was eligible for shock probation. * * * I've [also] had an opportunity to refer to my notes from 1991, made at the time this case came through here where I keep rather detailed notes of conversations at the pre-trial and as a part of plea bargain and as to what plea actually goes down. These notes do not indicate there was any discussion of shock probation or any commitment to give consideration to shock probation. And normally if such a commitment was made a notation would have been made.
 Furthermore, although I don't have any specific recollection of the plea and sentencing hearing in January of 1991, if the dialogue had occurred that Mr. Noe just described, it would have been the first time in 27 years that any such dialogue occurred. I don't believe it happened. The motion will be denied.
Appellant raises three assignments of error:
Assignment of Error No. 1:
 That the trial court failed to inform the appellant that he was not eligible for probation as is required by the provisions of Crim.R. 11(c)(2) thus rendering the appellant's pleas involuntary due to the fact that they were not knowingly and intelligently made with an understanding of the consequences of those pleas therefore violating the appellant's right to due process as guaranteed by the fifth and fourteenth amendments to the United States Constitution as well as Article I, Section 10 of the Constitution of the State of Ohio.
Assignment of Error No. 2:
 Due to counsel's failure to acquaint himself with the relevant law in relation to the facts, counsel was unable to properly advise appellant of the consequence of his pleas which resulted in the appellant entering an improvident pleas inasmuch as his pleas was not knowingly, intelligently, or voluntarily made thus denying the appellant his right to the effective assistance of counsel as guaranteed by the sixth amendment to the United States Constitution as well as Article I, Section 10 of the Constitution of the State of Ohio.
Assignment of Error No. 3:
 That the trial court committed plain error when it did not allow the appellant to withdraw his plea due to a Crim.R. 11 violation which rendered his plea involuntary thus violating his right to due process as guaranteed by the fifth
and fourteenth amendments to the United States Constitution as well as Article I. Section 10 of the Constitution of the State of Ohio.
Once sentence has been imposed, a defendant may withdraw his plea only upon a showing that withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1. Under this standard, a post-sentence withdrawal motion is cognizable only in extraordinary cases. State v. Smith (1977), 49 Ohio St.2d 261. It is defendant's burden to establish the existence of manifest injustice. Id. The good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. Id.
A decision of the trial court denying defendant's motion to withdraw a guilty plea is reviewed under an abuse of discretion standard. State v. Blatnik (1984), 17 Ohio App.3d 201.
In his first assignment of error, appellant argues that the trial court failed to follow the mandates of Crim.R. 11 when his pleas were made. Crim.R. 11(C)(2)(a) states that in felony cases the court shall not accept a guilty plea without first addressing the defendant and determining "that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and if applicable, that he is not eligible for probation."
Appellant cites State v. Calvillo (1991), 76 Ohio App.3d 714, in support of his argument. However, in Calvillo, the transcript of the plea hearing clearly revealed that Rule 11 requirements had not been met. Because the transcript is unavailable here, this court will presume the regularity of the trial court's proceedings. See State v. Prince (1991), 71 Ohio App.3d 694; State v. Malott (1992), 79 Ohio App.3d 393 (Stephenson J., concurring).
The trial court referred to contemporaneous notes which indicated that probation had not been discussed during the plea negotiations, however that in no way shows that appellant's ineligibility for probation was not addressed in open court during the taking of appellant's plea. Therefore, the presumption of regularity applies and appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant argues that he is entitled to post-conviction relief because he received ineffective assistance of trial counsel. He claims that his counsel failed to realize that appellant would not be eligible for shock probation. Appellant further claims that he relied on that erroneous interpretation of the law in making his plea.
To prevail under Crim.R. 32.1 on an ineffective assistance of counsel claim, the appellant bears the burden of proof. See State v. Smith (1977), 49 Ohio St.2d 261. A defendant must not only show that his trial counsel's performance was professionally unreasonable, but also must prove prejudice by demonstrating that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and instead would have insisted on going to trial. State v. Xie (1992), 62 Ohio St.3d 521.
In determining whether the alleged misinformation of defense counsel caused a defendant to plead guilty, the court looks to the totality of the circumstances, including the Crim.R. 11 allocation, the delay in asserting withdrawal, any protestations of innocence, and the significance of the plea bargain. State v. Kapper (1983), 5 Ohio St.3d 36. Additionally, manifest injustice as contemplated by Crim.R. 32.1 does not ipso facto result from counsel's erroneous advice and incorrect speculation regarding the sentence that will be imposed. State v. Blatnik (1984),17 Ohio App.3d 201.
A properly licensed attorney is presumed competent and appellant bears the burden to establish counsel's ineffectiveness. State v. Hamblin (1988), 37 Ohio St.3d 153. Appellant has not met that burden. Counsel denied having misunderstood whether appellant would be eligible for shock probation. The trial court was within its discretion in weighing the credibility of appellant's assertions to the contrary. Further, although the Rule 11 colloquy is unavailable, the delay in asserting his claim, the complete lack of any protestation of innocence, and the significance of the bargain all show that appellant failed to demonstrate a reasonable probability that he would not have pled guilty but for his counsel's alleged misconduct. Finally, we note that the Ohio Supreme Court has observed that "a defendant who relies on a prediction of parole eligibility, whether the prediction turns out to be right or wrong, may well later be disappointed in his or her plea choice." State v. Xie (1992),62 Ohio St.3d 522, 525 n. 2. Appellant's second assignment of error is overruled.
In his third assignment of error, appellant repeats his claims of a Crim.R. 11 violation and involuntary plea. Those claims have been addressed above. We further note that the delay in asserting these claims also militates against any relief. Although Crim.R. 32.1 itself does not provide for a time limit after imposition of sentence for a motion to withdraw a plea of guilty, an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. State v. Smith (1977), 49 Ohio St.2d 261. See, also, State v. Mootispaw (Mar. 26, 1988), Lawrence App. No 97CA26, unreported (two year delay adversely affected credibility of movant). Appellant knew that he was ineligible for shock probation on or about August 20, 1991, and did not file a motion to withdraw his plea on that ground for more than six years. During that time, appellant filed several post-conviction motions, including Crim.R. 32.1 motions, on other grounds. The trial court did not abuse its discretion in weighing the credibility of trial counsel and appellant, along with the court's notes, and determining that the motion to withdraw appellant's plea should be denied. Appellant's third assignment of error is overruled.
The judgment of the trial court is affirmed.
YOUNG, P.J., and POWELL, J., concur.