OPINION
Defendant, Otis E. Ransom, appeals from a December 3, 1998 judgment entry in the Franklin County Court of Common Pleas denying his motion to withdraw his 1991 guilty plea to attempted rape, a violation of R.C. 2923.02 as it relates to R.C. 2907.02. For the reasons that follow, we affirm.
On January 16, 1991, defendant was indicted on one count of attempted rape, one count of kidnapping and one count of aggravated burglary. On April 22, 1991, defendant, represented by trial counsel, entered into a plea agreement with the state, pursuant to which defendant pled guilty to attempted rape. In exchange for his guilty plea, a nolle prosequi was entered on the remaining counts. The trial court sentenced defendant to a term of incarceration of not less than three years, nor more than fifteen years. Defendant did not appeal his conviction.
Defendant filed a motion for shock probation on January 27, 1992. After a hearing on March 13, 1992, the trial court granted the motion and placed defendant on probation for five years. After defendant violated several conditions of his probation, the trial court revoked his probation by entry dated May 3, 1996.
On November 6, 1998, defendant filed a pro se motion to withdraw his guilty plea pursuant to Crim.R. 32.1 and requested a hearing. On December 3, 1998, the trial court denied defendant's motion. Defendant appeals that decision, advancing a single assignment of error, as follows: "Appellant received ineffective assistance of counsel."
In support of his motion to withdraw his guilty plea, defendant asserted that his trial counsel's performance was deficient, thus rendering his plea "unintelligent." Specifically, defendant argued that trial counsel used "scare tactics" and "threatened" him in an effort to induce him to plead guilty by erroneously stating that if he did not plead guilty, he "would have to serve approximately a sentence of not less than ten and no more than twenty-five years if this case was taken to trial."[1] In addition to the allegation regarding trial counsel's deficient performance, defendant also asserted that he was innocent of the charge for which he was convicted, and that the alleged victim of the attempted rape was now ready to recant the testimony she offered against defendant before the grand jury. In support of his allegations, defendant submitted his own affidavit.
Crim.R. 32.1, which governs motions to withdraw a guilty plea, provides, in pertinent part:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Pursuant to Crim.R. 32.1, a postsentence motion to withdraw a guilty plea may be granted only to correct manifest injustice. State v. Xie (1992), 62 Ohio St.3d 521, 526 "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1)." State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. To demonstrate manifest injustice on the basis of ineffective assistance of counsel, a defendant must establish: (1) that counsel's performance was deficient; and (2) that there is a reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty. Xie, supra, at 524, citing Hill v.Lockhart (1985), 474 U.S. 52, 57; 106 S.Ct. 366, 369. Thus, a plea of guilty waives a defendant's right to claim that he was prejudiced by constitutionally ineffective counsel, except to the extent that such ineffective assistance made the plea less than knowing, voluntary and intelligent. State v. Barnett (1991),73 Ohio App.3d 244, 248.
In reviewing a trial court's decision to deny a defendant's motion to withdraw a guilty plea, this court's standard of review is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984),17 Ohio App.3d 201, 202. "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."Smith, supra, at paragraph two of the syllabus. An abuse of discretion constitutes more than just an error of law or judgment; it implies that the court's attitude, as evidenced by its decision, is unreasonable, arbitrary, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157. In addition, we note that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion."Smith, supra, at paragraph three of the syllabus.
Upon a thorough review of the record, we conclude that defendant has failed to establish that the trial court abused its discretion in denying defendant's motion to withdraw his guilty plea.
Defendant asserts that trial counsel was ineffective because he gave defendant erroneous advice concerning the sentence that might be imposed were defendant to be convicted after trial. However, manifest injustice does not ipso facto result from counsel's erroneous advice concerning the sentence that will be imposed upon the entry of a guilty plea. Blatnik, supra, at 203. Similarly, manifest injustice does not ipso facto result from counsel's erroneous advice concerning the sentence that might be imposed if a defendant rejects a plea bargain and is subsequently convicted as charged. State v. Mootispaw (Mar. 26, 1998), Lawrence App. No. 97CA26, unreported. To obtain relief, defendant must demonstrate that he would not have pled guilty to the reduced charge if counsel's advice had been correct. Defendant has made no such showing. Moreover, defendant's assertion is unsupported by evidentiary documentation other than defendant's own self-serving affidavit. Defendant's unfounded allegations are insufficient to demonstrate manifest injustice.
Furthermore, defendant has failed to submit a transcript of either the plea hearing or the sentencing hearing. Thus, this court cannot effectively determine whether defendant's plea was knowing, intelligent, and voluntary. Without a complete record, this court must presume the regularity of the proceedings and the validity of the judgment. State v. Lake (Mar. 28, 1996), Franklin App. No. 95APA07-847, unreported (1996 Opinions 1206), citingState v. Prince (1991), 71 Ohio App.3d 694.
Defendant also contends that he did not commit the crime for which he was convicted. Initially, this court notes that a guilty plea, entered to avoid a greater penalty, is not rendered involuntary even if a defendant maintains that he is innocent.Id., citing North Carolina v. Alford (1970), 400 U.S. 25;91 S.Ct. 160. Moreover, it is well-established that the doctrine ofres judicata precludes the raising of any claim that defendant either raised or could have raised before the trial court or on direct appeal. See State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. Again, we were not provided with the transcript of either the plea hearing or the sentencing hearing; thus, we cannot effectively determine whether defendant previously raised this issue before the trial court. Furthermore, defendant could have raised the issue on appeal; however, he failed to appeal his conviction.
We also note that more than seven years passed between the time defendant entered his guilty plea and the filing of the motion to withdraw the guilty plea. This span of seven years, as the Smith court stated, affects defendant's credibility and militates against the granting of the motion. If defendant pled guilty to the offense of attempted rape even though he knew he had not committed the offense, he would in all likelihood have filed his motion to withdraw his guilty plea before seven years expired.
Defendant's final assertion, that the alleged victim of the attempted rape is now ready to recant her grand jury testimony, is unsupported by any evidentiary materials other than defendant's own self-serving affidavit. Once again, defendant's unfounded assertions fall far short of demonstrating manifest injustice.
In short, defendant did not present the trial court with sufficient facts which would establish manifest injustice. Thus, the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. Accordingly, defendant's assignment of error is overruled.
Having overruled defendant's assignment of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN, J., and LAZARUS, P.J., concur.
[1] In his brief before this court, defendant also asserts that his trial counsel failed to file a motion for discovery and failed to interview witnesses. We decline to address these assertions, defendant having never raised them before the trial court. Moatsv. Metropolitan Bank of Lima (1974), 40 Ohio St.2d 47, 49-50.