DECISION AND JUDGMENT ENTRY
This is an appeal from the Vinton County Court, which found Defendant-Appellant John Riffle guilty of failing to stop after an accident, in violation of R.C. 4549.02, a first-degree misdemeanor pursuant to R.C. 4549.99(B). Appellant argues that the trial court erred when it denied appellant's motion for jury instructions. We find appellant's argument to be without merit and affirm the judgment of the trial court.
On August 21, 1999, appellant was served with a summons and complaint alleging that he had violated R.C. 4507.02(D)(1) (driving with a suspended license), R.C. 4549.021 (failing to stop after an accident), and R.C. 4511.29 (driving left of center). Appellant entered a written plea of not guilty to the charges and requested a jury trial.
The state subsequently dismissed the charge of driving with a suspended license. The state also moved the court to amend the complaint for leaving the scene of an accident because appellant was charged under the wrong statute. The trial court granted the state's motion and amended the complaint from a violation of R.C. 4549.021 to R.C. 4549.02.[1]
Appellant moved the court to instruct the jury as to the elements of failing to stop after an accident. Appellant included in his proposed jury instructions, as an element, the requirement that the state prove that the accident for which he failed to stop was caused by appellant. In other words, appellant argued that R.C. 4549.02 required individuals who were involved in a motor vehicle accident to stop only if they caused the accident.
The state filed a motion opposing appellant's request for jury instructions, arguing that causing the accident was not an element of the offense charged.
The trial court held a hearing on the jury instruction issue and both sides presented argument. The trial court denied appellant's motion for jury instructions.
Appellant changed his plea of not guilty to one of no contest. The state dismissed the charge of driving left of center. Both parties stipulated to a statement of facts on which the trial court rendered its judgment. The stipulated facts were as follows:
A two-vehicle collision occurred on a public highway in Vinton County, Ohio on August 20, 1999. The defendant was the driver of one of the vehicles involved in the collision. The defendant did have knowledge of the collision, but did not stop at the collision scene and did not provide his name, address, and VIN of his vehicle to the other person involved in the collision or to any police officer. The defendant contends that he was not at fault for causing the collision. The state contends he was at fault for causing the collision. The trial court made no finding as to who was at fault for causing the collision.
The trial court found appellant guilty of failing to stop after an accident, in violation of R.C. 4549.02. The trial court sentenced appellant to thirty days of incarceration, fined him $200, and suspended his license for ninety days. The trial court suspended appellant's thirty days in jail.
Appellant timely filed this appeal and presents this sole assignment of error for our review:
DID THE TRIAL COURT COMMIT REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION FOR JURY INSTRUCTIONS?
In his sole assignment of error, appellant argues that the trial court erroneously denied his motion for jury instructions. Specifically, appellant argues that in order for him to be convicted of failing to stop after an accident, the state must prove that appellant was at fault in causing the accident. As such, appellant claims that he was entitled to a jury instruction indicating that causation is an element of this offense.
After the trial court denied appellant's motion for jury instructions, appellant and the state entered into a stipulation of facts and appellant changed his "not guilty" plea to "no contest." Appellant's plea was accepted by the trial court and it then found appellant guilty of violating R.C. 4549.02.
We preliminarily note that appellant is not challenging the propriety of the court's acceptance of the "no contest" plea. Crim.R. 11(B)(2) "provides that a plea of `no contest' constitutes a waiver of the right to jury trial." Chardon v. Moyer (1986), 33 Ohio App.3d 154, 155,514 N.E.2d 929, 930; see, also, Stern v. Mascio (1996), 75 Ohio St.3d 422,662 N.E.2d 370 (stating that, "the * * * no contest plea also effects a waiver of the defendant's rights to jury trial").
This Court has held that an appellant's waiver of his or her jury trial rights waives any error in regard to the trial court's denial of a motion for jury instructions. See State v. Prince (1991), 71 Ohio App.3d 694,595 N.E.2d 376. In Prince, this Court stated that, "any claim of error with respect to the rejection of appellants' proposed jury instructions was waived by appellants' subsequent waiver of their right to a jury trial." Id. at 699, 595 N.E.2d at 379, citing State v. Wolons (1989),44 Ohio St.3d 64, 541 N.E.2d 443; Crim.R. 30.
Since appellant entered a plea of no contest and waived his right to a jury trial, he has, for purposes of appellate review, waived any error that may have been associated with the trial court's rejection of his proposed jury instruction. See Prince, supra.
Therefore, since appellant has waived this issue for purposes of this appeal, we OVERRULE his sole assignment of error.
Accordingly, we AFFIRM the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the VINTON COUNTY COURT to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILY CONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAIL PREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
Harsha, J.:Concurs in Judgment Only with Opinion.
Kline, J.:Concurs in Judgment Only.
[1] R.C. 4549.021 covers accidents upon nonpublic or private roads and property, while R.C. 4549.02 covers accidents occurring on public roads or highways.