DECISION AND JUDGMENT ENTRY
{¶ 1} Defendants-Appellants Cynthia L. Farley Cantor, Judith Hill, and Jessie Hill appeal the judgment of the Jackson County Court of Common Pleas, which determined that the transfer of a racing car from Cynthia to Jessie and Judith Hill was a fraudulent transfer and that the funds received by the Hills from a third-party sale of that vehicle should be turned over to Plaintiffs-Appellees Plum Run, Inc., Plum Run Investments, Inc., and Tri-City Entertainment, Inc. Appellants assert that the trial court's judgment was against the manifest weight of the evidence.
 {¶ 2} For the reasons that follow, we disagree with appellants and affirm the judgment of the trial court.
 Lower Court Proceedings {¶ 3} In the early 1990's, Defendant-Appellant Cynthia L. Farley Cantor embezzled funds from her employer Plaintiffs-Appellees Plum Run, Inc., Plum Run Investments, Inc., and Tri-City Entertainment, Inc. (collectively referred to as Plum Run). In 1994, Plum Run filed a civil suit against Cynthia seeking to recover the monies she embezzled. At the time of this suit, Cynthia owned a 1967 Chevrolet Corvette racing car with a trailer.
 {¶ 4} In 1997, Cynthia filed for bankruptcy. However, Plum Run initiated an adversarial proceeding against Cynthia in the bankruptcy court. In late 1998, Plum Run was awarded a judgment of $83,499.17 against Cynthia.
 {¶ 5} Subsequently, in April 1999, Plum Run filed a complaint in the Jackson County Court of Common Pleas alleging that the Corvette was purchased by Cynthia with money embezzled from Plum Run. Plum Run also alleged that Cynthia fraudulently transferred the Corvette to Defendants-Appellants Jessie and Judith Hill, her stepfather and mother. Appellants filed an answer generally denying that the Corvette was fraudulently transferred from Cynthia to the Hills.
 {¶ 6} During the time Plum Run's action was pending, the Corvette was sold to a third party. The proceeds of that sale, however, were placed into an escrow account pending the outcome of the action.
 {¶ 7} A bench trial was held before the trial court at which appellants testified. Subsequently, the trial court entered judgment in favor of Plum Run, finding that it was entitled to the proceeds from the sale of the Corvette.
 {¶ 8} In December 2001, appellants filed a motion for a new trial pursuant to Civ.R. 59(A), asserting that the trial court's judgment was contrary to law and against the manifest weight of the evidence. In September 2002, the trial court overruled appellants' motion for a new trial.
 The Appeal {¶ 9} Appellants timely filed their notice of appeal. However, appellants' brief fails to set forth separate assignments of error as required by App.R. 16(A)(3). The Ohio Rules of Appellate Procedure state that an appeal is to be decided "on its merits on the assignments oferror set forth in the briefs under App.R. 16." (Emphasis added.) App.R. 12(A)(1)(b). Obviously, if there are no assignments of error, there is nothing to review. Thus, we would be justified in summarily affirming the trial court's judgment. See City Loan Financial Services v. Koon (Sept. 3, 1996), Hocking App. No. 95CA8; King v. King, Adams App. No. 01CA719,2002-Ohio-1060. Further, appellants' brief fails to set forth a statement of the issues presented for review. See App.R. 16(A)(4).
 {¶ 10} Appellants' assert in their brief that the evidence does not support the trial court's determination that Cynthia retained ownership of the Corvette or that it was fraudulently transferred from Cynthia to the Hills. Generally, even though appellants' brief is seriously flawed, this Court, in the interests of justice could review appellants' argument that the trial court's judgment was against the manifest weight of the evidence. However, we are prevented from doing so in the present case because appellants failed to provide this Court with a transcript of the trial before the lower court.
 {¶ 11} App.R. 9(B) provides that it is the appellant's responsibility to order a complete transcript if the appellant intends to argue that a finding is contrary to the weight of the evidence. See, also, App.R. 10(A); Loc.R. 14(D). It is the appellant's duty to provide a transcript for appellate review because the appellant bears the burden of showing error by reference to matters in the record. See Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564; Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384;Columbus v. Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515. If an appellant does not provide the portions of the transcript required by an appellate court to resolve the assigned errors, the appellate court has no choice but to presume the validity of the trial court's judgment and affirm. See Knapp v. Edwards Laboratories, 61 Ohio St.2d at 199; Statev. Prince (1991), 71 Ohio App.3d 694, 699, 595 N.E.2d 376; Columbus v.Hodge, 37 Ohio App.3d at 68-69.
 {¶ 12} In the case sub judice, appellants have failed to provide this Court with a transcript of the trial court proceedings and are generally asserting that the trial court's judgment was against the manifest weight of the evidence. Accordingly, we have nothing to review without a transcript and must presume the validity of the trial court's judgment.
 {¶ 13} Therefore, we affirm the judgment of the trial court.
Judgment affirmed.
Abele, J., and Kline, J.: Concur in Judgment Only.