DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Karl R. Chesser, appeals his conviction of nonsupport of dependents, a felony of the fifth degree, in violation of R.C.2919.21(B). Appellant asserts that the trial court erred when it relied upon the doctrine of dual sovereignty to deny his motion to dismiss and also in entering a judgment of conviction, claiming that in doing so, the trial court denied him his right to be free from successive criminal prosecutions for the same conduct, in violation of the double jeopardy clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. Although we agree with the judgment of the trial court, we do so for reasons different than stated by the trial court. Nevertheless, because we conclude that Appellant was originally subjected to a civil prosecution and later to a criminal prosecution, rather than successive criminal prosecutions for the same conduct, Appellant's conviction of felony nonsupport of dependents does not violate the prohibitions against double jeopardy. Accordingly, we affirm the decision of the trial court.
 {¶ 2} In June of 1989, the Athens County Juvenile Court determined that Appellant was the father of Karl Junior Chesser, born May 12, 1988 and issued a child support order against Appellant. The support order was filed and registered in South Carolina in 1998 and on October 22, 2004, the Family Court of Greenville County, South Carolina found Chesser to be in contempt[1] of court for failure to pay child support. The order of the South Carolina court provided as follows:
"It is ORDERED that Defendant has willfully failed to obey the Order of the Court and is, therefore, in contempt of Court. It is ORDERED that Defendant be held in civil contempt and is hereby sentenced to the Greenville County Detention Center (or other lawful place of confinement), to be released from confinement by payment of $5000.00 to the Greenville County Clerk on the arrearages.
* * * Confinement shall continue/commence immediately.
PROVIDED that the period of confinement shall not exceed ONE YEAR."
 {¶ 3} As a result of this order, and because he failed to purge his contempt, Appellant was incarcerated for a period of one year. Subsequently, Appellant was indicted in Athens County, Ohio, on one count of non-support of his son, a fifth degree felony, in violation of R.C. 2919.21(A)(2). Appellant entered a plea of not guilty and filed a motion to dismiss the indictment, arguing that the state was barred from prosecuting him for non-support because he was previously punished by the South Carolina court for the same conduct. The trial court denied his motion, reasoning that "even assuming the conduct punished in that case is the same for which he is now being prosecuted in Ohio, defendant's Double Jeopardy argument fails," relying on the doctrine of dual sovereignty in support of its reasoning.
 {¶ 4} Appellant eventually withdrew his not guilty plea, pled no contest to the indictment, was found guilty by the trial court and was sentenced to four years of community control. The trial court agreed to stay Appellant's sentence pending appeal of the double jeopardy issue. Appellant has timely appealed, asserting a sole assignment of error for our review.
 {¶ 5} "I. THE TRIAL COURT ERRED WHEN IT RELIED UPON THE DOCTRINE OF DUAL SOVEREIGNTY TO DENY MR. CHESSER'S MOTION TO DISMISS AND LATER, TO ENTER A JUDGMENT OF CONVICTION. THE COURT DENIED MR. CHESSER HIS RIGHT TO BE FREE FROM SUCCESSIVE CRIMINAL PROSECUTIONS FOR THE SAME CONDUCT, IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT, AS INCORPORATED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 6} Appellant claims that the South Carolina contempt proceeding was criminal in nature, thus constituting a criminal prosecution. Appellee counters by arguing that the contempt proceeding was not only labeled by the issuing court as civil in nature, but constituted a civil prosecution by virtue of its conditional nature, in light of Appellant's ability to purge his contempt by paying his child support arrearage. We agree with the Appellee.
 {¶ 7} Other districts have considered fact patterns similar, if not identical to the facts sub judice, and have held that a contempt order such as the one issued by the South Carolina court was, in fact, a civil prosecution, rather than a criminal prosecution. As recognized by the Ninth District, "[t]he threshold question in a double jeopardy analysis is whether the government's conduct involves criminal punishment."State v. Taylor, Loraine App. No. 00CA007749, 2001-Ohio-1642; citingState v. Williams (2000), 88 Ohio St.3d 513, 528, 2000-Ohio-428,728 N.E.2d 342; cert. denied (2000), 531 U.S. 902, 121 S.Ct. 241; Hudson v.United States (1997), 522 U.S. 93, 101, 118 S.Ct. 488.
 {¶ 8} The Supreme Court of Ohio has reasoned that "[c]ontempt proceedings are regarded as sui generis. State v. Timson (1974),38 Ohio St.2d 122, 311 N.E.2d 16. They are neither wholly civil nor wholly criminal actions. * * * [Gompers v. Bucks Stove Range Co. (1911),221 U.S. 418, 31 S.Ct. 492]. Rather, '(t)hey bear some resemblance to suits in equity, to criminal proceedings and to ordinary civil actions; but they are none of these'." Brown v. Executive 200 (1980),64 Ohio St.2d 250, 416 N.E.2d 610; citing Cincinnati v. Cincinnati District Council51 (1973), 35 Ohio St.2d 197, 202, 299 N.E.2d 686.
 {¶ 9} Further, in Brown, the Court reasoned at length as follows:
 "While both types of contempt contain an element of punishment, courts distinguish criminal and civil contempt not on the basis of punishment, but rather, by the character of and purpose of the complainant in civil contempt. Prison sentences are conditional. The contemnor is said to carry the keys of his prison in his own pocket, In re Nevitt (C.A. 8, 1902), 117 F 448, 461, since he will be freed if he agrees to do as ordered. Criminal contempt, on the other hand, is usually characterized by an unconditional prison sentence. Such imprisonment operates not as a remedy coercive in nature but as punishment for the completed act of disobedience, and to vindicate the authority of the law and the court. See, generally, Gompers, supra; Bd. of Edn. v. Brunswick Edn. Assn. (1980), 61 Ohio St.2d 290, 401 N.E.2d 440; State v. Local Union 5760 (1961), 172 Ohio St. 75, at 82-83, 173 N.E.2d 331." (Emphasis added).
 {¶ 10} With these principles in mind, the Supreme Court of Ohio found it necessary "to determine the purpose behind each sanction" in order to determine if the sanctions were criminal or civil in nature.Brown at 254. Therefore, we must determine whether the purpose of the South Carolina contempt order was to coerce Appellant to obey the child support order, or whether the purpose was to punish Appellant for past violations. Id.
 {¶ 11} This Court finds that the contempt proceeding in the South Carolina court was civil, as opposed to criminal. Not only did the issuing court characterize the contempt as civil, we conclude that the contempt order provided Appellant the ability to purge his contempt, thereby allowing Appellant to terminate his incarceration upon complying with the child support order. Appellant seems to argue that he was sentenced to incarceration for a period of one year without any ability to purge his contempt; however, a review of the order itself suggests otherwise. The order plainly states that Appellant was held in civil contempt and was sentenced to the Greenville County Detention Center, to be released from confinement upon payment of $5000.00 towards his child support arrearages. Further, the order provided that although confinement was to commence immediately, the period of confinement was not to exceed one year.
 {¶ 12} As such, Appellant held the keys to his prison door and could have terminated his incarceration at any time by complying with the conditions of the contempt order, which directly related to his failure to comply with the child support order. Accordingly, the purpose of the contempt order was to coerce Appellant to comply with the child support order, not to punish him for past violations.
 {¶ 13} Appellant also asserts that because the order did not provide any sort of suspended sentence, pending payment or compliance with the child support order, but rather ordered that confinement begin immediately, that the contempt was criminal in nature. We disagree. TheTaylor court addressed facts identical to the facts sub judice as relates to the actual contempt order and found that the order was civil in nature, not criminal. In Taylor, the Appellant was released from prison after he made payment towards his support arrearage.Taylor, supra. Thus, that court found that the contempt was designed to coerce compliance, not punish for past actions. Id. Just because Appellant chose not to purge his contempt and was incarcerated for one year does not convert the civil nature of the prosecution to a criminal one.
 {¶ 14} The Second District has also considered such an order of contempt, finding it to be civil in nature, rather than criminal, inState v. Galluzzo, Champaign App. No. 2004CA25, 2006-Ohio-309. InGalluzo, the contempt order at issue provided that " '[u]pon completing the sentence or paying the child support arrearage in full,whichever occurs first, the Obligor will have purged the contempt citation * * *'." (Emphasis added). Id. The Galluzzo court reasoned that because the appellant "had the keys to the jailhouse door during his incarceration, the contempt citation — which was clearly civil when it was imposed — unquestionably remained civil when he was required to serve the suspended sentence." Id.
 {¶ 15} Further, we find that the reasoning of the United States Supreme Court in Hicks v. Feiock, 485 U.S. 624, 108 S.Ct. 1423 sheds light on this issue. In Hicks, the Court, in determining whether the punishment imposed by the contempt order was remedial (civil) or punitive (criminal), reasoned that "it [the contempt order] is remedial if 'the defendant stands committed unless and until he performs the affirmative act required by the court's order,' and is punitive if 'the sentence is limited to imprisonment for a definite period'." Id.; citingGompers at 441. (Emphasis added). The Hicks Court went on to explain that "the conditional nature of the punishment renders the relief civil in nature because the contemnor 'can end the sentence and discharge himself at any moment by doing what he had previously refused to do'."Hicks, supra, citing Gompers at 442. Thus, "those who are imprisoned until they obey the order, 'carry the keys to their prison in their own pockets'." Hicks, supra; citing Penfield Co. v. SEC (1947),330 U.S. 585, 593, 67 S.Ct. 918, 922; quoting In re Nevitt at 461.
 {¶ 16} We note, however, that while the record before us contains a copy of the South Carolina contempt order, it does not contain a copy of the transcript of the contempt hearing. Thus, any discussion at the hearing regarding Appellant's ability or inability to pay the amount required to purge his contempt is not part of the record. Pursuant to App.R. 9(B), the duty to provide a transcript for appellate review falls upon the appellant. The duty falls upon the appellant because the appellant bears the burden of showing error by reference to the matters in the record. State v. Prince (1991), 71 Ohio App.3d 694,595 N.E.2d 376; Columbus v. Hodge (1987), 37 Ohio App.3d 68, 523 N.E.2d 515;Bates Springer, Inc. v. Stallworth (1978), 56 Ohio App.2d 223,382 N.E.2d 1179.
 {¶ 17} It is axiomatic that any error on the part of the trial court must affirmatively appear on the record or an appellant court will presume that the judgment and proceedings below were valid. SeeState ex rel. Fisher v. Reno Hotel, Inc. (1994), 95 Ohio App.3d 67,641 N.E.2d 1155; Prince, supra; Hodge, supra; Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384. Thus, if an appellant fails to provide a transcript of the proceedings, the reviewing court has nothing to pass upon and must affirm the judgment.Holley v. Higgins (1993), 86 Ohio App.3d 240, 620 N.E.2d 251; Lawson v.Clark Rubber Co. (1993), 84 Ohio App.3d 831, 619 N.E.2d 26;Knapp, supra, at 199. Here, because we were not provided with a transcript of the contempt hearing held in South Carolina, we must presume the regularity of those proceedings and therefore presume that Appellant's ability to purge his contempt was addressed.
 {¶ 18} Because we have determined that the contempt proceedings were civil, we conclude that the trial court did not err in denying Appellant's motion to dismiss based on double jeopardy grounds. Thus, we find it unnecessary to engage in any analysis of the doctrine of dual sovereignty, which would only be applicable had we determined that the contempt proceeding was criminal in nature. Although we reach the same decision as the trial court, albeit for different reasons, we nevertheless affirm the trial court's decision.
 {¶ 19} If the trial court reached the correct result, we must affirm regardless of whether the trial court used incorrect reasoning when reaching that result. In Hayes v. City of Toledo (1989),62 Ohio App.3d 651, 577 N.E.2d 379, the court wrote in pertinent part as follows:
 " 'By repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as a basis thereof.' Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275, 284, 58 N.E.2d 658, 663. See, also, Wampler v. Bolen
(1938), 28 Ohio Law Abs. 22, paragraph five of the syllabus; Newcomb v. Dredge (1957), 105 Ohio App. 417, 152 N.E.2d 801, paragraph seven of the syllabus; and Hallworth v. Republic Steel Corp. (150), 153 Ohio St. 349, 91 N.E.2d 690, paragraph three of the syllabus." See, also, Jackson v. Ohio Bur. of Workers' Comp. (1994), 98 Ohio App.3d 579, 585, 649 N.E.2d 30, 34; State v. Rudge (1993), 89 Ohio App.3d 429, 437, 624 N.E.2d 1069, 1074.
 JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
[1] Appellant claims that this contempt proceeding was criminal in nature, thus constituting a criminal prosecution. Appellee claims that this contempt proceeding was not only labeled by the issuing court as civil in nature, but constituted a civil prosecution by virtue of its conditional nature, in light of Appellant's ability to purge his contempt by paying his child support arrearage.