OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments to this Court. Appellant, Joseph L. Moore, appeals the decision of the Columbiana County Municipal Court finding him guilty of two counts of Interference with Custody in violation R.C. 2919.23(A), misdemeanors of the first degree. With this appeal, Joseph claims the trial court erred by denying him the opportunity to present evidence relating to the affirmative defense of necessity. Because the defense of necessity would not apply in this case, the trial court did not err by refusing to admit irrelevant evidence. Accordingly, we affirm the decision of the trial court.
 Facts {¶ 2} Joseph and Chanda Moore were married and had two minor children, Sabrina and Alexzander. The couple filed for divorce and were subject to a Columbiana County Guideline Parenting Schedule as filed on November 20, 2003. Chanda was named residential parent and Joseph exercised visitation every other weekend and a couple of evenings during the week. Joseph followed that schedule until the weekend of October 15, 2004.
 {¶ 3} When the children were not returned to Chanda as expected on Sunday, October 17, 2004, she tried contacting Joseph and his relatives. However, she could not locate the children. Soon after, Chanda filed a missing persons report with both the Columbiana County and Carroll County Sheriffs. On October 25, 2004, a complaint was filed charging Joseph with two counts of Interference with Custody and a warrant was issued for his arrest. Chanda had no contact with her children until December 27, 2004, when she was notified by Children's Services that they were found in Florida with their father.
 {¶ 4} Joseph was arrested and pled not guilty to the charges. Prior to trial, the State filed a motion in limine requesting that Joseph not be permitted to introduce evidence relating to his motivation to protect his children's health and safety. The trial court issued an order in limine preventing the introduction or reference to any incidents occurring after October 2004. In response to that ruling, the State moved to amend the complaint to strike "enticing and taking", leaving only the elements of "keeping or harboring" in each count. The trial court granted the motion to amend the complaint and *Page 3 
took under advisement the motion to limit evidence toward the affirmative defense relating to the conduct concerning the safety of the children.
 {¶ 5} Prior to opening arguments, Joseph requested a continuance so that he could subpoena witnesses who could allegedly testify about injuries and illnesses that the children suffered while in their mother's custody. However, the trial court denied any further continuances as the trial had already been postponed for over two years. The trial court then proceeded to rule on the requested necessity defense.
 {¶ 6} The trial court prohibited Joseph from putting on any evidence of the children's health or safety explaining that Joseph was charged with harboring or keeping the children and, therefore, the statute did not allow for necessity as a defense. With respect to the common law affirmative defense of necessity, the court stated that necessity was only available if the children were in imminent danger. Because Joseph had the children in his custody at the time of the offense, the trial court concluded that by definition there could not be any necessity due to immediate harm or danger. The court explained that if Joseph was concerned with the future welfare of his children, all he had to do was report his concerns to the authorities, which would have been an affirmative defense to his actions.
 {¶ 7} After the trial court made its ruling, the matter proceeded to trial and Joseph was convicted of both counts of Interference with Custody and was sentenced to 180 days on each count to be served consecutively.
 Statutory Necessity Defense {¶ 8} As his sole assignment of error, Joseph states:
 {¶ 9} "The trial court erred, abused its discretion, and acted contrary to law when it denied Appellant the opportunity to present a complete defense, in violation of his constitutional right to present a complete defense as guaranteed under Section 16, Article I of the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution."
 {¶ 10} Joseph claims that it was error for the trial court not to permit him to introduce evidence that his children's health and safety were in peril and that his actions *Page 4 
were justified, or necessary. The admission or exclusion of evidence is within the trial court's discretion. State v. Sage (1987),31 Ohio St.3d 173, 180, 510 N.E.2d 343. Thus, we will not reverse the trial court's decision absent an abuse of discretion. Abuse of discretion requires more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v.Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331.
 {¶ 11} Joseph was charged with two counts of Interference with Custody in violation of R.C. 2919.23(A) which provides:
 {¶ 12} "(A) No person, knowing the person is without privilege to do so or being reckless in that regard, shall entice, take, keep, or harbor a person identified in division (A)(1), (2), or (3) of this section from the parent, guardian, or custodian of the person identified in division (A)(1), (2), or (3) of this section:
 {¶ 13} "(1) A child under the age of eighteen, or a mentally or physically handicapped child under the age of twenty-one;
 {¶ 14} "* * *
 {¶ 15} "(C) It is an affirmative defense to a charge of enticing or taking under division (A)(1) of this section, that the actor reasonably believed that the actor's conduct was necessary to preserve the child's health or safety. It is an affirmative defense to a charge of keeping or harboring under division (A) of this section, that the actor in good faith gave notice to law enforcement or judicial authorities within a reasonable time after the child or committed person came under the actor's shelter, protection, or influence."
 {¶ 16} In State v. Strayer (June 9, 2003), 5th Dist. No. 02CA29, the appellant was charged with keeping or harboring a minor child, specifically her boyfriend's child. She was not charged with enticing or taking the child. The appellant planned to introduce evidence the child's safety and welfare was threatened while he was in his mother's custody, and officials did nothing to assist him. She also planned to present evidence the prosecutor and the police officers were guilty of selective prosecution and the prosecutor and police officers were prejudiced against her. The Fifth District reviewed the record, and found that the trial court properly limited appellant's defenses to the statutory ones, *Page 5 
and appropriately excluded irrelevant material. The Fifth District concluded her only affirmative defense would be that she, in good faith, gave notice to law enforcement and judicial authorities within a reasonable time after the child came under her protection.
 {¶ 17} Likewise, in the present case, Joseph was charged with keeping or harboring his children; not of enticing or taking the children. Thus, under the statute, Joseph was limited to presenting evidence that he in good faith gave notice to law enforcement or judicial authorities that he was going to keep the children.
 {¶ 18} As the State points out, the policy behind the limitations on the affirmative defenses is to prevent parents who have legal custody from circumventing the domestic court system by absconding with children and then claiming that they were justified based upon suspected abuse. The proper recourse for someone who already has custody of the child would be to report it to the court where the custody order originated. Thus, the affirmative defense regarding the child's health or safety is in place for those who do not have the legal right to take the children but who must "entice or take" the children away from someone with custody who they suspect is abusing the children. Accordingly, with respect to the statutory affirmative defense, the trial court properly excluded evidence not relating to notice given to law enforcement or judicial authorities in the present case.
 Common Law Necessity Defense {¶ 19} Our analysis does not stop here; however, as Joseph contends that even if the statutory affirmative defense did not apply, he should still have been permitted to introduce evidence regarding the common law affirmative defense of necessity. The elements of necessity are as follows:
 {¶ 20} "* * * (1)[T]he harm must be committed under the pressure of physical or natural force, rather than human force; (2) the harm sought to be avoided is greater than, or at least equal to that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believes at the moment that his act is necessary and is designed to avoid the greater harm; (4) the actor must be without fault in bringing about the situation; and (5) the harm threatened must be imminent, leaving no alternative by which to avoid the greater harm. * * *" State v. Prince (1991), 71 Ohio App.3d 694, 699, *Page 6 595 N.E.2d 376.
 {¶ 21} Clearly, there are multiple reasons why the common law defense of necessity would not apply to the present situation. First, Joseph claimed he was trying to protect the children from his ex-wife. Therefore, Joseph could never prove that he acted under a force that was not human. See Columbus v. Spingola (2001), 144 Ohio App.3d 76,759 N.E.2d 473. Furthermore, the harm to the children had to be imminent. Because he unlawfully kept the children away from their mother for more than two months without reporting their whereabouts to the authorities, Joseph would be unable to produce evidence in support of that element. Finally, Joseph failed to offer evidence regarding the lack of any other lawful alternative to keeping and harboring the children. See State v.Clutter (Mar. 17, 2004), 7th Dist. No. 03 CO 33. Regardless, Joseph still claims that the trial court should have allowed him the opportunity to present evidence of the defense.
 {¶ 22} As mentioned, the trial court has broad discretion in the admission or exclusion of evidence and this Court will not disturb a trial court's ruling on the admission of evidence absent an abuse of discretion. We cannot say, given the facts in this case, that the trial court abused its discretion in denying the admission of evidence relating to alleged child abuse when the affirmative defense relating to the health and safety of the children were not applicable to the facts in this case. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs; see concurring opinion. *Page 7